People v Aniano (2019 NY Slip Op 03797)





People v Aniano


2019 NY Slip Op 03797


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-03807
 (Ind. No. 211/15)

[*1]The People of the State of New York, respondent,
v
John Aniano, appellant.


Edelstein & Grossman, New York, NY (Jonathan I. Edelstein of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Jason R. Richards of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), rendered March 24, 2017, convicting him of aggravated vehicular homicide (two counts), vehicular manslaughter in the first degree (two counts), vehicular manslaughter in the second degree (two counts), manslaughter in the second degree (two counts), operating a motor vehicle while under the influence of drugs, and reckless driving, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of vehicular manslaughter in the first degree, vehicular manslaughter in the second degree, reckless driving, and operating a motor vehicle while under the influence of drugs, vacating the sentences imposed thereon, and dismissing those counts in the indictment; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the defendant was impaired by a drug when he struck and fatally injured the two victims with his car so as to support the convictions of aggravated vehicular homicide (see Penal Law § 125.14[3], [4]; People v Gallo, 133 AD3d 1088). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
As the People correctly concede, the defendant's convictions of vehicular manslaughter in the first degree (Penal Law § 125.13[3], [4]), vehicular manslaughter in the second degree (Penal Law § 125.12[1]), reckless driving (Vehicle and Traffic Law § 1212), and operating a motor vehicle while under the influence of drugs (Vehicle and Traffic Law § 1192[4]) must be vacated and those counts of the indictment must be dismissed as inclusory concurrent counts of the convictions of aggravated vehicular homicide (see CPL 300.40[3][b]; Penal Law § 125.14[3], [4]; [*2]People v Williams, 150 AD3d 1273).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court